# UNITED STATES DISTRICT COURT
### District of New Mexico

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |
| **Sammy Piar** | Case Number:  **1:10CR00052-001JB** |
| | USM Number: **48889-051** |
| | Defense Attorney: **Kari Converse, Appointed** |

THE DEFENDANT:

☒  admitted guilt to violations of condition(s)  **MC, SC**  of the term of supervision.
☐  was found in violation of condition(s)    after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | MC - The defendant illegally possessed a controlled substance. | 01/19/2012 |

The defendant is sentenced as provided in pages 1 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has not violated condition(s)    and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| **4437** | **February 24, 2012** |
|---|---|
| Last Four Digits of Defendant's Soc. Sec. No. | Date of Imposition of Judgment |
| **1989** | **/s/ James O. Browning** |
| Defendant's Year of Birth | Signature of Judge |
| | **Honorable James O. Browning** |
| **Edgewood, NM** | **United States District Judge** |
| City and State of Defendant's Residence | Name and Title of Judge |
| | **March 14, 2012** |
| | Date Signed |

AO 245D (Rev. 12/10) Sheet 1 Judgment in a Criminal Case for Revocations Sheet 1A               Judgment Page 2 of 7

Defendant: **Sammy Piar**
Case Number: **1:10CR00052-001JB**

## ADDITIONAL VIOLATIONS

| *Violation Number* | *Nature of Violation* | *Violation Ended* |
|---|---|---|
| 2 | SC - The defendant failed to answer truthfully all inquiries by the probation officer and to follow the instructions of the probation officer. | 01/19/2012 |

Defendant: **Sammy Piar**
Case Number: **1:10CR00052-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **33 days**.

**On August 26, 2012, the Court imposed a term of 3-years supervised release following Defendant Sammy Piar`s guilty plea to a charge of conspiracy to violate 21 U.S.C. § 841(b)(1)(C) violation of 21 U.S.C. § 841(b)(1)(C), that being conspiracy to distribute heroin. See (Sealed) Judgment in a Criminal Case at 1-2, filed August 26, 2010 (Doc. 55)("Judgment"). One of the mandatory conditions of supervised release with which Piar has to comply is: "The defendant shall not illegally possess a controlled substance." Judgment at 4. One of the standard conditions of supervised release is: "[T]he defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer." Judgment at 4. One of the standard conditions of supervised release is: "[T]he defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer." Judgment at 4.**

**On February 7, 2012, the United States Probation Office ("USPO") filed a Petition for Revocation of Supervised Release on the basis that Piar had violated these three conditions. See Doc. 107 ("Petition"). It asserted that Piar had violated the mandatory condition by submitting urine drug samples on two different dates that tested positive for morphine. See Petition at 1. The USPO also noted that he had admitted to taking unauthorized prescriptions for Zanax and Percocet, and that he later admitted to heroin use. See Petition at 1. The USPO contends that Piar violated the standard condition regarding answering truthfully all inquiries by the probation officer and following instructions of the probation officer when he later admitted to using heroin after he had initially denied taking any other drugs besides Zanax and Percocet. See Petition at 1. The USPO contends that Piar violated the standard condition that he notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer when he, pursuant to communications with the USPO on January 19, 2012, reported that he had contact with law enforcement on November 25, 2011 for operating a vehicle with a non-working headlight. See Petition at 2.**

**At the revocation hearing on February 24, 2012, Piar represented that he would admit to violations of only: (i) the mandatory condition; and (ii) the standard condition regarding answering truthfully all inquiries by the probation officer and following instructions of the probation officer. He did not admit to a violation of the standard condition that he notify his probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer, and Plaintiff United States of America agreed to dismissal of this alleged violation. The parties agreed that the Court should revoke Piar`s term of supervised release for the two violations to which Piar admitted.**

**Revocation is not mandatory for these violations. Piar asked for a variance to a sentence of 33-days imprisonment based on the USPO`s indication that this would be the appropriate period for a sentence if Piar desired a place in a halfway house. The United States asserted at the revocation hearing that it would defer to the USPO on what was the appropriate sentence for Piar. Because Piar has violated terms of his supervised release, his violation is a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(3). Pursuant to application note 1 to U.S.S.G. § 7B1.4, Piar`s criminal history category is the criminal history category he had at the time of his original sentence to a term of supervision, which is a criminal history category of I. See Judgment at 2. A Grade C violation and a criminal history category of I yields a guideline imprisonment range of 3 to 9 months. The USPO has recommended in the violation report that Piar receive a sentence of 30-days imprisonment and that the Court revoke Piar`s term of supervision.**

**The Court finds that Piar violated the conditions of supervision by failing to refrain from possession of an illegal substance, and by failing to answer truthfully all inquiries by the probation officer and following instructions. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has reviewed the violation report and the factors set forth in 18 U.S.C. § 3553(a). The Court has considered the guideline range for the applicable category of violation committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Piar`s violations. The Court concludes that a sentence of 33 days is sufficient to reflect the seriousness of the violations. There are some mitigating factors in this case that counsel in favor of a downward variance. Piar has a limited amount of criminal history, and he has demonstrated a desire and ability to complete supervised release. Piar appears to have relapsed into drug use after he lost his job working at the Salvation Army. It appears he will benefit from some education on drugs and substance abuse, which the Court concludes would be more effective than a significant term of incarceration. His conduct, however, is not an excuse for violating the terms of his supervised release given some of the resources that have been available to him. The Court is conscious that opiates like heroin are incredibly addictive drugs which create lifelong problems for former addicts. A sentence of 33-days**

imprisonment more fully reflects the factors in 18 U.S.C. § 3553(a) than a guideline sentence. The Court believes that addressing Piar`s drug problems is the most important goal of his supervised release.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. This sentence adequately reflects the seriousness of the violations, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). On the scale of violations, which include committing additional offenses while on supervised release, these violations are some of the least serious a defendant can commit. Given Piar`s lack of criminal history and his sincere attempts to comply with the terms of supervised release, the Court believes the sentence reflects the seriousness of the violations and promotes respect for the law. His guideline range is already relatively low at 3 to 9 months. Because Piar will also receive a 2-year term of supervised release, the Court believes the sentence provides just punishment and affords adequate deterrence, both specifically to Piar and to the public generally. Given Piar`s lack of criminal history, the Court believes that this sentence, when coupled with some of the conditions the Court will and has required as part of supervised release, will protect the public. Given Piar`s drug problems, his attempts to comply with the terms of supervised release, and his lack of criminal history, the Court believes that this sentence reflects his individual circumstances and does not promote unwarranted sentencing disparities among similarly situated defendants. The Court believes it is most important to impose conditions that will provide him with some education, training, and care to help him overcome his drug problems. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Piar to 33-days imprisonment and places him on 2-years supervised release.

☐      The court makes these recommendations to the Bureau of Prisons:


☒      The defendant is remanded to the custody of the United States Marshal.
☐      The defendant shall surrender to the United States Marshal for this district:
         ☐      at   on
         ☐      as notified by the United States Marshal.
☐      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
         ☐      before 2 p.m. on
         ☐      as notified by the United States Marshal
         ☐      as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.




                                                        _____
                                                                       UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **Sammy Piar**
Case Number: **1:10CR00052-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **24 months** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution, it is to be a condition of supervised release that the defendant pay in accordance with Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Sammy Piar**
Case Number: **1:10CR00052-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must cooperate in the collection of DNA as directed by statute.**

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, as approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must participate in an educational or vocational program as approved by the probation officer.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal drugs and contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must provide the probation officer access to any requested financial information, personal income tax returns, authorization for release of credit information, and other business financial information in which the defendant has a control or interest.**

**The defendant shall have no contact with the co-defendant in this case.**

**The Defendant will reside at and complete a Residential Re-Entry Center Program, as approved by the probation officer for a period of six (6) months.**

**The Defendant shall file an amended federal tax return.**